UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALAN SCOTT RANDEL,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

Case No. 1:26-cv-08041-EPG (PC)

ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED

(ECF No. 2)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS

Plaintiff Alan Scott Randel is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). On September 30, 2026, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 2). Plaintiff's Inmate Statement Report was filed on October 5, 2026. (ECF No. 6).

Because at the time Plaintiff filed this case, he could afford to pay the filing fee for this action and still afford the necessities of life, the Court recommends Plaintiff's IFP application be denied.

## I. BACKGROUND

On September 30, 2026, along with his complaint, Plaintiff filed an application to proceed IFP. (ECF No. 2). The application requires Plaintiff to answer questions under penalty of perjury. Question 3(c) asks whether Plaintiff has received any money from "pensions, annuities or life insurance payments." (*Id.* at 1). Plaintiff states that he receives a pension payment of $1,661.22 per month. (*Id.*). Plaintiff also indicated that he made a "prepayment in full[] for filing fee

through Trust Office: $400." (*Id.*) The authorized correctional officer also confirmed that Plaintiff has an average monthly balance in his account of $5,000 with an average monthly deposit of $1,661.22. (*Id.* at 2).

In addition, Plaintiff's Inmate Statement Report shows Plaintiff's account balance as $9,585.51 just two days before filing the complaint, with a current balance of $9,568.24 as of October 5, 2026. (ECF No. 6).

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

Lastly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue."

## III. ANALYSIS

The Court recommends that Plaintiff's IFP application be denied because information disclosed on the application, when taken in connection with Plaintiff's Inmate Statement Report, indicates that Plaintiff's allegation of poverty is untrue, and Plaintiff could afford to pay the $405 fee required to file this action. In fact, it appears that Plaintiff intended to make "prepayment" of the filing fee.

As of September 28, 2026, Plaintiff's balance in his inmate account was $9,585.51, which is more than sufficient to pay the filing fee and still afford the necessities of life.

Because Plaintiff's disclosures reveal that he can pay the $405 filing fee and still afford

the necessities of life, the Court will recommend that his IFP application be denied.

## IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a District Judge to this case.

For the reasons given above, IT IS RECOMMENDED as follows:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be DENIED.
2. Plaintiff be ordered to pay the $405 filing fee for this action.
3. Plaintiff be advised that failure to timely pay the filing fee will result in the dismissal of this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 7, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE